IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01750-BNB

DON LAW,

Applicant,

v.

THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 16 2008

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

Applicant, Don Law, is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility at Las Animas, Colorado. Mr. Law initiated this action by filing *pro se* on August 18, 2008, a motion for an order to vacate his Colorado state criminal conviction. On September 12, 2008, Mr. Law filed on the proper form an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The August 18 motion will be denied as moot because it has been replaced by the habeas corpus application.

The court must construe the habeas corpus application liberally because Mr. Law is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Law will be ordered to file an amended application for a writ of habeas corpus.

The court has reviewed the habeas corpus application filed in this action and finds that the claims Mr. Law is raising are not clear. It is not even clear how many claims are being raised because, in addition to the three claims set forth on the habeas corpus application form, Mr. Law has attached to the application a number of pages of additional information that may or may not include additional claims for relief. Even for the three claims set forth on the habeas corpus application form, Mr. Law fails to identify which of his federal constitutional rights allegedly have been violated and he fails to set forth the specific facts that demonstrate how his federal constitutional rights have been violated. For example, Mr. Law asserts as his second claim that there is new evidence of material facts that requires his conviction be vacated. However, he does not allege which of his federal constitutional rights allegedly has been violated with respect to this new evidence and he fails to specify what the new evidence is or why the new evidence should cause his conviction to be vacated.

Therefore, Mr. Law will be ordered to file an amended application to clarify the claims he is raising in this action. To avoid confusion regarding what claims are being asserted, Mr. Law should number his claims and each claim being asserted should be identified clearly with the federal constitutional right that allegedly has been violated. For example, if Mr. Law believes that his due process rights have been violated, as he apparently does in connection with his first claim for relief, he should identify the claim clearly as a due process claim.

Mr. Law also is advised that he must allege specific facts in support of each clearly asserted claim. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that he go beyond notice pleading. *See*

*Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). For example, if Mr. Law does assert a due process claim, the specific reasons why he believes he was denied due process must be stated in support of the due process claim in a clear and concise manner. The same is true for each claim Mr. Law raises in the amended application. Accordingly, it is

ORDERED that the "Motion Asking the Court to Vacate Conviction . . ." filed in this action on August 18, 2008, is denied as moot. It is

FURTHER ORDERED that Mr. Law file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Law, together with a copy of this order, two copies of the following forms: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Law fails within the time allowed to file an amended application that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED September 16, 2008, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-01750-BNB

Don Law
Prisoner No. 83245
Bent County Correctional Facility
11560 Road FF.75 - Unit 8R-108
Las Animas, CO 81054-9573


    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on _9/16/08_

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk