IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01750-BNB

DON LAW,

    Applicant,

v.

THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 23 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Don Law is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility at Las Animas, Colorado. Mr. Law initiated this action by filing *pro se* a motion seeking an order to vacate his Colorado state court criminal conviction. On September 12, 2008, Mr. Law filed on the proper form an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 15, 2008, Mr. Law filed an amended application for a writ of habeas corpus. Mr. Law is challenging the validity of his conviction in Denver District Court case number 00CR3135.

In an order filed on October 17, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On November 6, 2008, Respondents filed

their Pre-Answer Response. On December 4, 2008, Mr. Law filed a reply to the Pre-Answer Response.

The Court must construe the amended application and other papers filed by Mr. Law liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

Mr. Law was convicted by a jury of sexual assault on a child by a person in a position of trust, aggravated incest, and sexual assault on a child. He was sentenced to concurrent terms of fifteen years to life in prison on the first two counts and six years to life in prison on the third count. The Colorado Court of Appeals affirmed the judgement of conviction and the sentence on direct appeal. *See People v. Law*, No. 01CA0664 (Colo. Ct. App. Jan. 16, 2003). On September 29, 2003, the Colorado Supreme Court denied Mr. Law's petition for writ of certiorari on direct appeal. Following his direct appeal, Mr. Law filed a postconviction motion that the trial court denied on December 6, 2006. The trial court's order denying the postconviction motion was affirmed on appeal. *See People v. Law*, No. 07CA0164 (Colo. Ct. App. Jan. 31, 2008).

Mr. Law filed a second postconviction motion in the trial court on April 23, 2008[1]. The April 2008 state court postconviction motion was denied by the trial court as

---

[1] Respondents assert that Mr. Law's second state court postconviction motion actually was filed in the trial court in March 2008 and not April 2008. However, the Lexis/Nexis Register of Actions for 00CR3135 provided by Respondents indicates the motion was filed on April 23, 2008.

successive on June 6, 2008. The Court received the instant action for filing on August 8, 2008.

Mr. Law asserts seven numbered claims for relief in the amended habeas corpus application, although there is significant overlap among the seven claims asserted. Mr. Law's seven claims are:

    (1)    The prosecution offered perjured testimony and withheld evidence favorable to the defense in violation of Mr. Law's right to due process.

    (2)    The prosecution presented tainted testimony in violation of Mr. Law's rights to due process and equal protection.

    (3)    The victim provided perjured testimony in violation of Mr. Law's rights to due process and equal protection.

    (4)    The victim lied to the police and the prosecution failed to produce evidence favorable to the defense in violation of Mr. Law's rights to due process and equal protection.

    (5)    The prosecution failed to prove every element of the charged crimes in violation of Mr. Law's rights to due process and equal protection.

    (6)    The prosecution failed to produce evidence to convict Mr. Law of the charged crimes in violation of his rights to due process and equal protection.

    (7)    The trial court ignored the evidence presented in Mr. Law's postconviction motion in violation of his rights to due process and equal protection.

All of Mr. Law's claims are premised on a letter dated May 22, 2003, in which the victim recanted her trial testimony and stated that Mr. Law did not sexually assault her.

Before addressing the exhaustion argument raised by Respondents in their Pre-Answer Response, the Court notes that Mr. Law's seventh claim for relief in the amended application must be dismissed because the facts alleged in support of that claim do not state a cognizable federal constitutional claim. There is no federal

constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Therefore, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

Mr. Law alleges in his seventh claim for relief that the trial court ignored the evidence presented in his postconviction motion. Although Mr. Law asserts that this violated his rights to due process and equal protection, the substance of the claim relates solely to the state court postconviction proceedings and does not challenge the judgment of conviction that provides the basis for Mr. Law's incarceration. Therefore, Mr. Law may not raise the seventh claim for relief in this habeas corpus action.

Respondents concede in their Pre-Answer Response that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d). However, Respondents contend that Mr. Law has failed to exhaust state remedies and that his claims now are procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State*

4

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents contend that Mr. Law has not exhausted state remedies for any of his claims. Although Mr. Law makes a conclusory allegation in his reply to the Pre-Answer Response that he has exhausted state remedies, he also states in the

amended application that he has not fairly presented all of his claims to the state's highest court. (*See* Am. Application at p.5.) In any event, the Court has reviewed the appellate briefs filed by Mr. Law on direct appeal and in the state court postconviction proceedings and finds that Mr. Law did not raise in the state appellate courts any of the claims he asserts in the amended habeas corpus application. The Court also finds that the postconviction motion Mr. Law filed in the trial court in April 2008 does not satisfy the exhaustion requirement because the trial court is not the state's highest court and because the motion was denied by the trial court as successive. Therefore, the Court agrees with Respondents that none of Mr. Law's claims in the amended application are exhausted.

The next question is whether the amended application should be dismissed for failure to exhaust state remedies or whether Mr. Law's claims are procedurally defaulted. The Court may not dismiss Mr. Law's claims for failure to exhaust state remedies if Mr. Law no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Respondents argue that Mr. Law no longer has an adequate and effective state remedy available to him because the Colorado Rules of Criminal Procedure provide that, with limited exceptions, a "court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant." *See* Colo. R. Crim. P. 35(c)(3)(VI).

Mr. Law has submitted to the Court a copy of the postconviction motion he filed in April 2008 and a copy of the trial court's order denying that motion. Mr. Law argued in the April 2008 postconviction motion that his conviction should be vacated due to the

6

same newly discovered evidence that forms the basis for the claims he is raising in this action. In light of the trial court's determination that the April 2008 postconviction motion was successive because Mr. Law's newly discovered evidence claims had been rejected by the trial court and affirmed on appeal in a prior postconviction proceeding, the Court agrees that Mr. Law no longer has an adequate and effective remedy available to him in the state courts and that his claims based on the newly discovered evidence are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Law's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Law makes no effort to demonstrate cause and prejudice for his procedural default. Therefore, the Court need consider only whether Mr. Law can demonstrate that a failure to consider his claims in this action will result in a fundamental miscarriage of justice.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*,

477 U.S. 478, 496 (1986). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Law first must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.* Mr. Law then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Respondents do not address the issue of whether Mr. Law can demonstrate actual innocence based on the victim's May 22, 2003, letter recanting her trial testimony. However, the Court has reviewed the file and finds that Mr. Law cannot establish a fundamental miscarriage of justice because he cannot demonstrate that no reasonable juror would have convicted him in light of the victim's May 22, 2003, letter. Attached to Mr. Law's reply to the Pre-Answer Response is a copy of the trial court's December 6, 2006, order denying Mr. Law's first state court postconviction motion. Mr. Law argued in the first state court postconviction motion that his conviction should be vacated based on new evidence, which was the victim's May 22, 2003, letter recanting her trial testimony. The trial court denied Mr. Law's first state court postconviction motion because, in addition to the other evidence presented at trial, Mr. Law's videotaped statement confessing to having sexual contact with the victim was admitted into evidence. As a result of Mr. Law's confession, the trial court determined that the victim's recantation letter would not "probably produce an acquittal."

8

The Court finds that, based on his confession, Mr. Law cannot demonstrate "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. As a result, the Court rejects his argument that a failure to consider his claims in this action will result in a fundamental miscarriage of justice. For these reasons, the Court finds that Mr. Law's claims are procedurally barred and must be dismissed. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed because Applicant's claims are unexhausted and procedurally barred.

DATED at Denver, Colorado, this 19 day of December, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-01750-BNB

Don Law
Prisoner No. 83245
Bent County Correctional Facility
11560 Road FF.75 - Unit 8R-108
Las Animas, CO 81054-9573

Patricia Van Horn
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/22/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk