IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01750-ZLW

DON LAW,

    Applicant,

v.

THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER

Applicant, Don Law, has filed *pro se* a document titled "Affidavit of Information in Support of a Criminal Complaint" (ECF No. 16) in which he asks the Court to reverse his state court convictions. The Court must construe the "Affidavit of Information in Support of a Criminal Complaint" liberally because Mr. Law is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See id.*

The instant habeas corpus action was dismissed by order filed on December 19, 2008, because the claims Mr. Law asserted were unexhausted and procedurally barred. Because the instant action has been dismissed, the Court construes the "Affidavit of Information in Support of a Criminal Complaint," in which Mr. Law again asks the Court to reverse his state court convictions, as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking relief from the dismissal of this habeas corpus action.

For the reasons stated below, the Court concludes that it lacks jurisdiction to consider the liberally construed Rule 60(b) motion.

A Rule 60(b) motion "is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). On the other hand, a Rule 60(b) motion is a true 60(b) motion if it either "challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application" or "challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215-16.

Mr. Law does not address the basis for the dismissal of this action in the "Affidavit of Information in Support of a Criminal Complaint." Instead, he contends that his convictions should be overturned because there is no evidence that he committed any crimes. Because Mr. Law is challenging the validity of his convictions, the Court finds that the "Affidavit of Information in Support of a Criminal Complaint" is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Law must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must

demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Law does not allege that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When the claims being raised in the second or successive application clearly do not meet the statutory requirements set forth in § 2244(b)(2), "a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *See id.* at 1252.

Mr. Law fails to demonstrate that he intends to raise any claim that is based on either a new rule of constitutional law or newly discovered evidence as required

pursuant to § 2244(b)(2).  Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone.  *See id.*

Consideration of the other relevant factors also supports this conclusion. Although it appears that Mr. Law's claims would be time-barred if filed anew in the proper forum, it appears that the instant action would be time-barred even if Mr. Law had sought proper authorization prior to filing in this Court.  There also is no indication that Mr. Law seeks to pursue any claims that likely have merit.  Finally, it was clear when the instant motion was filed that this Court lacks jurisdiction over Mr. Law's claims because his prior habeas corpus action challenging the validity of the same conviction was dismissed as unexhausted and procedurally barred.  As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the "Affidavit of Information in Support of a Criminal Complaint" (ECF No. 16), which the Court has determined is an unauthorized second or successive application, is dismissed for lack of jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  5th  day of     July    , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court